```
S. ELIZABETH MILLER, SBN 260180
ANDREW L. YOUNKINS, SBN 267811
LAW OFFICES OF BETSY MILLER
438 West Grand Avenue, #509
Oakland, California 94612
Telephone: (510) 463-4314
Facsimile:  (510) 201-2077
E-mail:     betsy@betsymillerlaw.com
```

*Attorneys for Plaintiff*
ALI TAHSINI

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORINA

| | |
|---|---|
| ALI TAHSINI,<br><br>             Plaintiff,<br><br>      v.<br><br>HOTELSAB, LLC and STANDARD INTERNATIONAL MANAGEMENT, LLC<br><br>             Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ALI TAHSINI (hereinafter "Plaintiff") through his attorneys, complaining of Defendant, HOTELSAB, LLC and STANDARD INTERNATIONAL MANAGEMENT, LLC (hereinafter "Defendant" or "Defendants") alleges as follows:

## INTRODUCTION

1. Plaintiff seeks declaratory judgment of non-infringement of alleged trademarks asserted against Plaintiff by Defendant.

2. Defendant has asserted that Plaintiff is infringing on Defendant's alleged trademarks

1

by operating a bar under the name THE DOUBLE STANDARD.

## PARTIES

3. Plaintiff is an individual with his principal place of business located at, 2424 Telegraph Avenue, Oakland, California 94612.

4. Upon information and belief, Defendants are each a New York limited liability company with its principal place of business at 23 East 4th Street, 5th Floor, New York, NY 10003.

## NATURE OF THE ACTION

5. This cause of action arises under the trademark laws of the United States and involves an actual controversy between the Plaintiff and Defendant.

6. Plaintiff seeks a Declaratory Judgment of Non-Infringement of Defendant's following U.S. Federally Registered Trademarks:

a) Registration No. 2293007 for Defendant's asserted mark STANDARD in connection with T-shirts, headwear, [ dresses, ] jackets, sweatshirts, robes and shoes; hotel, restaurant, bar, cafe, cocktail lounge, providing banquet and social function facilities for special occasions, catering, barbershop and beauty salon services, personal valet and parking valet services, providing meeting and convention room facilities, providing motion picture screening room facilities and computer and on-line access facilities, registered on November 16, 1999 by virtue of Plaintiff's mark THE DOUBLE STANDARD as used continuously and exclusively since on or about January 2014 in connection with restaurant and bar services;

b) Registration No. 2272545 for Defendant's asserted mark THE STANDARD in connection with T-shirts, headwear, [ dresses, ] jackets, sweatshirts, robes and shoes; hotel, restaurant, bar, cafe, cocktail lounge, providing banquet and social function facilities for special occasions, catering, barbershop and beauty salon services, personal valet and parking valet services, providing meeting and convention room facilities, providing motion picture screening room facilities and computer and on-line access facilities, registered on August 24, 1999, by virtue of Plaintiff's mark THE

1  DOUBLE STANDARD as used continuously and exclusively since on or about
2  January 2014 in connection with restaurant and bar services;
3  c) Registration No. 3830438 for Defendant's asserted mark THE STANDARD in
4  connection with Paper goods and printed matter, namely, memo pads, pens and
5  pencils; leather book ends, leather memo pad holders, leather pen and pencil cases and
6  leather desk pads; Leather goods, namely, leather handbags, leather backpacks, leather
7  luggage, leather cosmetic cases sold empty; leather cases for use in holding business,
8  credit and smart cards, electronic room keys, memo pads, and pens and pencils, all
9  together in one unit, registered on August 10, 2010, by virtue of Plaintiff's mark THE
10 DOUBLE STANDARD as used continuously and exclusively since on or about
11 January 2014 in connection with restaurant and bar services;
12 d) Registration No. 3736628 for Defendant's asserted mark THE STANDARD GRILL
13 in connection with restaurant, bar, cafe and cocktail lounge services, registered on
14 January 12, 2010, by virtue of Plaintiff's mark THE DOUBLE STANDARD as used
15 continuously and exclusively since on or about January 2014 in connection with
16 restaurant and bar services;
17 e) Registration No. 4199523 for Defendant's asserted mark THE STANDARD BEER
18 GARDEN in connection with restaurant and bar services registered on August 28,
19 2012 by virtue of Plaintiff's mark THE DOUBLE STANDARD as used continuously
20 and exclusively since on or about January 2014 in connection with restaurant and bar
21 services;
22 f) Registration No. 4080224 for Defendant's asserted mark THE STANDARD
23 BIERGARTEN in connection with restaurant and bar services, registered on January
24 3, 2012 by virtue of Plaintiff's mark THE DOUBLE STANDARD as used
25 continuously and exclusively since on or about January 2014 in connection with
26 restaurant and bar services;
27 g) Registration No. 4076627 for Defendant's asserted mark THE STANDARD
28 BIERGARTEN in connection with restaurant and bar services, registered on

1  December 27, 2011 by virtue of Plaintiff's mark THE DOUBLE STANDARD as used
2  continuously and exclusively since on or about January 2014 in connection with
3  restaurant and bar services

## SUBJECT MATTER JURISDICTION

7. Jurisdiction is founded upon the United States Code, 28 U.S.C Section 1331 relating to the adjudication of a law of the United States, specifically, 15 U.S.C. 1114 and upon 28 U.S.C. 1338(a).

8. Jurisdiction is also founded upon the United States Code, 28 U.S.C. Section 1332(a), diversity of citizenship, because Defendant is a citizen of a foreign state and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. This cause of action is for a declaratory judgment of non-infringement and is founded upon the United States code, 28 U.S.C Sections 2201 and 2202.

## VENUE

10. Venue is properly laid in this Northern District of California pursuant to 28 U.S.C. 1391, because the claim of infringement by Defendant against Plaintiff arose in this District.

## FACTS COMMON TO ALL COUNTS

### *PLAINTIFF'S ACTIVITIES*

11. Plaintiff is a local bar owner and operator of "The Double Standard", which has been in business since January 2015.

12. Plaintiff began planning to open his first bar in early 2012, and filed a trademark application in May 2012 to cover the name of his proposed establishment, "The Double Standard".

13. Plaintiff began promoting "The Double Standard" to the public on or about January 2014.

14. Plaintiff founded "the Double Standard" in January 2015 to provide a local bar with

craft cocktails.

15. Plaintiff's bar is not associated with a hotel, nor does it suggest a dress code, unlike Defendant's bars and restaurants, which suggest "smart casual attire focusing on well-tailored and fitted clothing with the appropriate footwear" and operate in connection with hotels.

16. Plaintiff's bar does not require or suggest reservations, unlike Defendant's bars and restaurants.

17. Plaintiff's bar does not serve food, unlike Defendant's bars and restaurants.

18. For approximately the past three (3) years without interruption, Plaintiff has expended considerable resources of both time and money in the promotion of THE DOUBLE STANDARD trademark in association with his bar.

19. Plaintiff has become relied upon as a provider of high quality craft cocktails, wines and beers in Oakland to a range of clientele, hailing rave reviews under Plaintiff's mark THE DOUBLE STANDARD as used continuously and exclusively since on or about January 2015 in connection with bar services.

20. Plaintiff has worked diligently to cultivate and preserve THE DOUBLE STANDARD's reputation as a provider of high quality craft cocktails, wines and beers to a diverse community with an understanding that confidence in these standards including Plaintiff's mark THE DOUBLE STANDARD as used continuously and exclusively since on or about January 2014 in connection with serving quality beverages to a diverse community, is essential in continuing and promoting its services. By virtue of Plaintiff's high quality standard and reputation achieved through such standards, Plaintiff's bar is well known and respected in the bar services industry across the United States.

21. Plaintiff's mark THE DOUBLE STANDARD is symbolic of the goodwill and consumer recognition developed by Plaintiff through substantial amounts of time, effort and monies in advertising and promotion.

***DEFENDANT'S ACTIVITIES***

22. Upon information and belief, Defendant is a provider of hotel services, as well as, bar and restaurant services.

23. Defendant has asserted that Plaintiff has practiced trademark infringement by reason of Plaintiff's use of his THE DOUBLE STANDARD mark.

24. Defendant's owns and operates five (5) high end hotels call "the Standard", with two located in Manhattan, New York, one in downtown, Los Angeles, California, one in Hollywood, California, and another in Miami, Florida.

25. Within its hotels, Defendant hosts "the Standard BierGarten", sometimes called "Biergarten at the Standard, High Line", "the Standard BierGarten" sometimes called "Biergarten at the Standard, Downtown, LA", "Café Standard" and "the Standard Grill", all of which are located in Los Angeles, Hollywood, or Manhattan.

26. The Miami location does not have any bars or restraints with the name "Standard" appearing anywhere in the name.

27. Plaintiff's THE DOUBLE STANDARD Mark and Defendant's STANDARD-formative marks have coexisted in the trade and marketplace for more than two (2) years, without true instances of actual confusion, and without injury or prejudice to Defendant.

28. The U.S Patent and Trademark Office Examiner did not find any likelihood of confusion between Plaintiff's mark THE DOUBLE STANDARD and Defendant's STANDARD-formative marks.

29. Several other bars and restaurants operate under names incorporating or using "Standard" or "Double Standard", which include but are not limited to: "Standard" a beer garden and restaurant located at 18011 4th St. NW, Washington, D.C.; "Standard Fare" located at 2701 Eighth Street #118, Berkeley, CA; "The Standard Pour" located at 19040 Standard Rd., Sonora, CA; "Standard Restaurant and Lounge" located at 9455 N. Fort Washington Rd., Fresno, CA; "The Double Standard Kitchenetta" located at 695 Sixth Ave., San Diego, CA; "The Standard Pour" located at 2900

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1   McKinney Ave., Dallas, TX; "Central Standard" located at 1603 S. Congress Ave.,
2   Austin, TX; "Standard Service" located at 760 W. Ralph Hall Pkwy #120, Rockwall,
3   TX; "The Standard Restaurant" located at 1520 Broadway, Fort Myers, FL; "The
4   Standard Restaurant and Lounge" located at Crossgates Mall, 1 Crossgates Mall Rd.,
5   Albany, NY; "The Standard" located at 4206 Magazine St, New Orleans, LA; "The
6   Standard Pour" located at 1511 Westport Rd., Kansas City, MO; "Bar Standard"
7   located at 1037 N. Broadway St.,  Denver, CO; "Standard & Pour" located at 11261 S.
8   Eastern Ave #200, Henderson, NV; and "Eastern Standard" located at 528
9   Commonwealth Ave., Boston, MA; apparently none of which have posed consumer
10  confusion with any of Defendant's marks, and this is true despite having more similar
11  services than Plaintiff's bar, and being situated closer to Defendant's bars, hotels and
12  restaurants than Plaintiff's bar.

13  30. Notwithstanding the foregoing, Defendant has instituted opposition proceedings,
14  pursuant to a November 30, 2012 letter addressed to Plaintiff, that Plaintiff:

15  (i)     withdraw Trademark Application Ser. No. 85/615,121 for THE DOUBLE
16  STANDARD Mark;

17  (ii)    not commence use of THE DOUBLE STANDARD Mark;

18  (iii)   not use or seek registration of any marks containing the word "Standard" for
19  hotel, bar or restaurant services in the future.

20  31. Defendant's November 12, 2012 letter further warns that Defendants "will feel free to
21  pursue any and all remedies available to it under applicable law." A copy of the
22  Defendant's letter addressed to Plaintiff's residence in Oakland, California dated
23  November 12, 2012, is annexed hereto as <u>Exhibit A</u>.

24  32. Defendant instituted Opposition Proceedings with the U.S. Patent and Trademark
25  Office on April 1, 2013.

26  33. A review of the Trademark Trial and Appeal Board Inquiry System reveals that
27  Defendant has initiated over twenty oppositions, alleging similar trademark
28  infringement claims, in the U.S. Patent and Trademark Office. See TTABVUE records

attached hereto as Exhibit B.

34. The U.S Patent and Trademark Office Examiner did not find any likelihood of confusion between marks listed in Exhibit B and Defendant's STANDARD-formative marks.

35. Plaintiff and Defendant have attempted to negotiate an amicable settlement without positive results and accordingly Plaintiff has instituted proceedings in this venue.

36. An actual controversy exists between Plaintiff and Defendant in that Defendant has alleged that Plaintiff's foregoing usage of his THE DOUBLE STANDARD mark is an infringement of Defendant's Registrations.

37. Defendant has asserted its claims and made its allegations even though: the parties have co-existed peacefully for two (2) years; the parties operate in different channels of trade; the parties' respective marks are not confusingly similar; the goods and services of the parties are non-competitive; and there is no likelihood of confusion.

WHEREFORE, Plaintiff prays for a Declaratory Judgment and Decree as follows:

A.   That the Court declare the rights and legal relations of the Plaintiff and Defendant as to the controversy herein, in order that such declaration shall have the force and effect of a final judgment or decree;

B.   Declaring that Plaintiff's use of his THE DOUBLE STANDARD Mark is not an infringement of Defendant's STANDARD Registrations;

C.   Declaring Plaintiff's right to his unfettered use of his THE DOUBLE STANDARD mark;

D.   Preliminary and permanently enjoining and restraining the Defendant, its agents, servants, attorneys and employees, and others in privity with or controlled by the Defendant, from charging and asserting, or threatening Plaintiff or any of Plaintiff's customers with the prosecution of any action based upon Plaintiff's use of Plaintiff's THE DOUBLE STANDARD mark, or from bringing suit or threatening to do so against any actual or potential customers of Plaintiff, and from advising any customers of Plaintiff of any alleged

infringement with respect to Plaintiff's THE DOUBLE STANDARD mark;

E.   Preliminarily and permanently enjoining Defendant from giving any publicity to Defendant's claim or claims of infringement;

F.   Awarding Plaintiff damages due to the actions of the Defendant, and additionally awarding Plaintiff costs, disbursements, and reasonable attorneys' fees;

G.   Such other and further relief as this Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief alleged herein on which Plaintiff has a right to trial by jury.

DATED: November 4, 2016.          ALI TAHSINI,

By his attorneys,

Signed as to objections,

LAW OFFICES OF BETSY MILLER

By: *[signature]*

S. ELIZABETH MILLER, ESQ. (SBN 260180)
ANDREW L. YOUNKINS, ESQ. (SBN 267811)
LAW OFFICES OF BETSY MILLER
438 West Grand Avenue, #509
Oakland, California 94612
Telephone:    (510) 463-4314
Facsimile:    (510) 201-2077
E-mail:       betsy@betsymillerlaw.com

Attorneys for Plaintiff
ALI TAHSINI